UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID DUONG, | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| OFS FITEL, LLC | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff David Duong ("Duong" or "Plaintiff"), by and through undersigned counsel, and submits his Complaint against OFS Fitel, LLC ("Company" or "Defendant"), stating as follows:

### I.   NATURE OF COMPLAINT

1.

This is an action by a former employee of Defendant for discrimination, interference, and retaliation in violation of the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, et. seq. (collectively, the "ADAAA").

## II.  JURISDICTION AND VENUE

2.

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the ADA.

3.

Venue is proper in this district under 28 U.S.C. § 1391 because Defendant resides in this district and all of the acts and omissions complained of herein occurred within the Northern District of Georgia.

## III.  ADMINISTRATIVE PREREQUISITES

4.

Plaintiff timely filed a charge of disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on July 26, 2023 (Charge No. 410-2023-10058).

5.

Plaintiff received a right-to-sue notice from the EEOC with respect to Charge No. 410-2023-10058 on October 25, 2023.

## IV.   PARTIES

6.

Plaintiff resides in Gwinnett County, Georgia, and is a former employee of Defendant.

7.

At all times relevant hereto, Plaintiff was an individual with a disability as defined by the ADAAA.

8.

At all times relevant hereto, Plaintiff was a "qualified individual" as defined by the ADAAA because he was able to perform the essential functions of his position with or without reasonable accommodations.

9.

Defendant is a limited liability company with its principal place of business located at 2000 Northeast Expressway, Norcross, GA 30071.

10.

Defendant is a covered "employer" as defined by the ADA.

11.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

V. FACTUAL ALLEGATIONS

12.

Plaintiff is an individual with a disability who, at all times relevant hereto, was diagnosed with severe depression and anxiety.

13.

Plaintiff worked for Respondent as a Production Specialist between January 24 and May 15, 2023.

14.

In early May 2023, Plaintiff received a warning for tagging approved 10-minutes breaks onto his lunch break to create a longer lunch break, which apparently was a violation of policy.

15.

A few days later, Plaintiff was trying a new medication for his disability that caused excessive drowsiness and made him briefly fall asleep on the job.

16.

When confronted by his team leader, Plaintiff explained that he suffers from severe anxiety and depression and that he was experiencing unexpected side effects from a new medication.

17.

Upon hearing of Plaintiff's disability, the team leader responded: "if that's the case, then maybe you shouldn't be here."

18.

Later that day, Plaintiff was asked to meet with Lead Supervisor Dale Cole and Supervisor Mike Davison.

19.

During the meeting, Plaintiff explained to Mr. Cole and Mr. Davison that he had been diagnosed with severe depression and anxiety and was trying a new medication that day that had caused extreme drowsiness. He assured them that he would not be taking that medication again.

20.

Mr. Cole and Mr. Davidson told Plaintiff that they would let the sleep incident slide since it was related to Plaintiff's disability, but also told Plaintiff that he had accumulated enough points under the no-fault attendance policy to be terminated.

21.

Plaintiff insisted that this was incorrect, and the supervisors confirmed on the computer (while Plaintiff remained in the room) that Plaintiff only had 4 points—two points shy of termination. A union representative was present to witness this confirmation.

22.

Mr. Cole and Mr. Davidson then stated that even if Plaintiff did not have enough points to get terminated, the issue of Plaintiff taking long lunches still warranted termination.

23.

Mr. Cole and Mr. Davidson proceeded to terminate Plaintiff's employment effective immediately.

24.

To be clear, Plaintiff had already received a warning for taking long lunches and had not taken another long lunch since then. The Company only changed that warning into a termination after it learned of Plaintiff's disability.

25.

The reasons proffered for Plaintiff's termination are false and mere pretext for discrimination.

26.

Defendant's actions constitute unlawful discrimination in violation of the ADAAA.

27.

Plaintiff has suffered significant pecuniary and non-pecuniary damages as a direct result of Defendant's unlawful actions.

## COUNT I
## ADA Discrimination

28.

Plaintiff repeats and realleges paragraphs 12-27 as if fully set forth herein.

29.

Plaintiff has at all relevant times been a qualified individual who can perform the essential functions of his job with or without reasonable accommodations.

30.

Plaintiff has at all relevant times had a covered disability under the ADAAA.

31.

Defendant terminated Plaintiff because of his disability in violation of the ADAAA.

32.

Defendant's proffered reason for the termination is false and mere pretext for

discrimination.

33.

As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer substantial economic and non-pecuniary damages.

34.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

35.

Plaintiff is entitled to lost wages and benefits, compensatory and punitive damages, attorney fees and costs, prejudgment interest, and any other relief available under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief as follows:

(a)  judgment in favor of Plaintiff and against Defendant on all counts;

(b)  damages sufficient to make Plaintiff whole by providing for out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(c) reinstatement to employment or, if reinstatement is not feasible under the circumstances, an award of damages for future lost wages and benefits of employment;

(d) equitable restitution and relief sufficient to cover life, disability, or health insurance and any lost retirement benefits due to Defendant's wrongful termination of Plaintiff's employment;

(e) Compensatory damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character or reputation, injury to credit standing, loss of health, and any other non-pecuniary losses incurred due to the discriminatory conduct;

(f) punitive damages;

(g) reasonable attorney's fees and costs; and

(h) such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Respectfully submitted,

**BERGMAR LAW LLC**

<u>*/s/ Nina Maja Bergmar*</u>
Nina Maja Bergmar
Georgia Bar No. 982879
135 Auburn Ave. NE, Ste. 210
Atlanta, GA 30303
nmb@bergmarlaw.com
Tel. (470) 239-2096

Attorney for Plaintiff